# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP PATINO, | ) | 1:14-cv-02040-BAM |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | (ECF No. 1) |
| AUDREY KING, | ) ) | THIRTY-DAY DEADLINE |
| Defendant. | ) ) ) | |

Plaintiff Phillip Patino ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on December 22, 2014, is currently before the Court for screening pursuant to 28 U.S.C. § 1915.

**I.      Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" Id. (quoting Twombly, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. Id.

## II. Allegations in Complaint

Plaintiff names Audrey King, Executive Director of Coalinga State Hospital, as the sole defendant. Plaintiff alleges as follows:

> Defendant Audrey King & her agents at Coalinga State Hospital failed to protect plaintiff on 10-12-14 & because of their deliberate indifference plaintiff was viciously assaulted by Patient Corey Bell around 1100 hrs. Plaintiff suffered two fractures in his skull, left eye area, causing eye damage, and required surgical staples for a severed artery in his mouth. The Defendant and her agents knew that patient Bell was a danger to others with prior such assaults & took no action to protect plaintiff. Plaintiff is a civil detainee and therefore the PLRA does not apply to this case.

(ECF No. 1, p. 3.) Plaintiff seeks compensatory and punitive damages, along with immediate release from civil detention.

## III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given an opportunity to amend his complaint to state a claim. To assist Plaintiff, the Court provides the applicable pleading and legal standards.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but does not contain a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are not sufficient to clearly state what happened, including any precipitating events.

### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link Defendant Audrey King to a constitutional violation. Plaintiff may not simply make conclusory statements regarding a defendant.  Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### C. Failure to Protect

As a civil detainee, Plaintiff's right to personal safety is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at

trial, are afforded only those protections provided by the Eighth Amendment). Thus, to avoid liability, Defendant's decisions must be supported by "professional judgment." Youngberg, 457 U.S. at 323. A defendant fails to use professional judgment when his or her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [he or she] did not base the decision on such a judgment." Youngberg, 457 U.S. at 323.

Here, Plaintiff's allegations fail to state a claim for failure to protect. The Court cannot ascertain from Plaintiff's allegations what happened, where it happened or what defendant did or did not do that violated Plaintiff's constitutional rights. For example, Plaintiff has not included any specific factual allegations demonstrating that Defendant knew of any risk of harm to Plaintiff from another patient, specifically Corey Bell. Plaintiff's conclusory statements are not sufficient to state a claim. Plaintiff will be given leave to amend his complaint to cure these deficiencies.

To the extent Plaintiff seeks to impose liability against Defendant Audrey King in her role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

### IV.     Conclusion and Order

For the above reasons, Plaintiff fails to state a claim for which relief may be granted.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent that he can do so in good faith.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 18, 2015**            /s/ *Barbara A. McAuliffe*            _
UNITED STATES MAGISTRATE JUDGE